**FILED**

FEB 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Kareemah Bell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.   08  0370 |
| | ) | |
| Georgetown University Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to

proceed *in forma pauperis*.  The Court will grant plaintiff's application and dismiss the

complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available

only when a "federal question" is presented or the parties are of diverse citizenship and the

amount in controversy exceeds $75,000.  A party seeking relief in the district court must at least

plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to

plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues Georgetown University Hospital for a doctor's alleged refusal to provide

a prescription for inspect bites following events leading up to plaintiff's transport from a

homeless shelter to the hospital.  *See* Compl. at 1-2.  Although plaintiff seeks a trial for

"ongoing discrimination," *id*. at 2, she does not allege that the hospital discriminated against

her.  The complaint presents neither a federal question nor a basis for diversity jurisdiction

N

4

inasmuch as plaintiff has not demanded any amount of monetary damages. Accordingly, the

complaint will be dismissed by separate Order issued contemporaneously.

Date: February _____, 2008

_____
United States District Judge